UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEQUAWN McKENZIE,

                              Plaintiff,

              -against-

THE STATE OF NEW YORK; THE
DEPARTMENT OF CORRECTION,

                              Defendants.

21-CV-4161 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Dequawn McKenzie, who is currently detained in the Vernon C. Bain Center

("VCBC"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are

violating his federal constitutional rights by failing to protect him from contracting COVID-19.

Plaintiff names as Defendants the State of New York and the "Department of Correction," which

the Court understands to refer to the New York City Department of Correction ("DOC"). Plaintiff

originally filed this complaint with 41 other VCBC detainees. By order dated May 7, 2021, the

Court severed the claims of the other individual plaintiffs named in the complaint. Plaintiff

Dequawn McKenzie proceeds as the sole plaintiff in this action.

By order dated May 13, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. Plaintiff is currently housed in VCBC Dorm 1BB. The DOC supervisors at VCBC do "not adhere to proper social housing distance procedure," and the detainees have to "frequently remind[]" DOC staff of the government's social distancing guidelines. (ECF 2, at 4.)[2] Dorm 1BB has a maximum capacity of 50 beds and it currently houses 44 detainees, making it impossible to maintain social distancing (*Id.* at 4-5.) The day room and sleeping area do not have windows, and the only air circulation comes from "one fan that would blow around dust partic[les] into the dorm." (*Id.* at 5.) Plaintiff alleges that DOC has taken "[n]o specific measures" to protect the detainees' health. (*Id.* at 6.)

The complaint alleges that the detainees experience daily coughing, sore throat, headaches, dizziness, and "covid symptoms." (*Id.*) Plaintiff seeks money damages.

## DISCUSSION

Because Plaintiff asserts that Defendants have violated his federal constitutional rights, his claims arise under 42 U.S.C. § 1983. To state a claim under section 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

---

[2] Page numbers refer to those created by the Court's electronic filing system.

**A.      Claims against the State of New York**

The Court must dismiss Plaintiff's section 1983 claims against the State of New York.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived

their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh

Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has

not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not

abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate

Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's section 1983 claims against the State of

New York are therefore barred by the Eleventh Amendment and are dismissed.[3]

**B.      Claims against the Department of Correction**

Plaintiff's claims against DOC must also be dismissed because an agency of the City of

New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and

proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City

of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited

from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of

New York, the Court construes the complaint as asserting claims against the City of New York,

and directs the Clerk of Court to amend the caption of this action to replace the "Department of

---

[3] Even if the Eleventh Amendment did not bar Plaintiff's claims against the State of New
York, the complaint would still fail to state a claim against this defendant because VCBC is
operated by the New York City Department of Correction and is therefore not a State facility.

Correction" with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**C.     Municipal liability**

When a plaintiff sues a municipality under section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a section 1983 claim against the City of New York, in his amended complaint, Plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

**D.     Claims against individual defendants**

If Plaintiff was a pretrial detainee at the time of the events giving rise to his claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Whether Plaintiff was a pretrial detainee or convicted prisoner, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a

showing that the officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29.

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under section

1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because the complaint does not contain sufficient facts to state a claim and does not name individual defendants, the Court directs Plaintiff to file an amended complaint. Plaintiff's amended pleading should state whether Plaintiff is a pretrial detainee, which housing unit(s) he is or has been assigned to during the relevant time period, and identify the specific conditions within those units that he contends violate his constitutional rights. For example, if Plaintiff asserts that Defendants failed to comply with capacity restrictions or other precautionary measures intended to prevent the spread of COVID-19, he should allege any facts suggesting that such failures resulted in a substantial risk of serious harm to Plaintiff, and that Defendants were deliberately indifferent to the risk of serious harm to his safety or health. If Plaintiff names individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights. Further, if Plaintiff is seeking release as a remedy, he must include individualized allegations regarding the basis for such relief.

## LEAVE TO AMEND

The Court grants Plaintiff leave to file an amended complaint alleging more facts about his claims. Plaintiff must name as the defendants in the caption[4] those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption section of the form. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" in the caption section on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's "Statement of Claim."

the body of the amended complaint. The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant persons;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief he seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights and how, when, and where such violations occurred, as well as why Plaintiff is entitled to relief.

**Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

**CONCLUSION**

The Court dismisses Plaintiff's claims against the State of New York and the Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-4161 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 18, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

## COMPLAINT

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                              Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced prisoner

☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                 Plaintiff's Signature

_____
First Name                 Middle Initial        Last Name

_____
Prison Address

_____
County, City                          State              Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____